Order Filed on September 8, 2026
by Clerk,
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| In re:<br><br>Miroslav Ivanov Atanasov and Maria Ivanova Atanasova,<br><br>Debtors. | Case No. 25-19952 (SLM)<br><br>Adv. Pro. No. 26-01003 (SLM)<br><br>Chapter 7 |
| Nikolay Ivanov,<br><br>Plaintiff,<br><br>v.<br><br>Miroslav Ivanov Atanasov and Maria Ivanova Atanasova, | Judge: Hon. Stacey L. Meisel<br><br>Hearing Date: July 1, 2026 |

# ORDER DISMISSING COMPLAINT

The relief set forth on the following pages two (2) through twelve (12) is hereby **ORDERED**.

**DATED: September 8, 2026**

Honorable Stacey L. Meisel
United States Bankruptcy Judge

---

**THIS MATTER** having been brought before the Court by Miroslav Ivanov Atanasov and Maria Ivanova Atanasova (the "**Defendants**")[1] having filed *Defendants' Motion to Dismiss the Adversary Complaint* (the "**Motion to Dismiss**") (Adv. Pro. No. 26-01003 (the "**Adversary Proceeding**"), ECF No. 7);

**WHEREAS** on September 23, 2025, the Defendants filed a petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") (ECF No. 1);

**WHEREAS** Jeffrey Lester was appointed as the Chapter 7 Trustee in the Defendants' bankruptcy case (Case No. 25-19952 (the "**Main Case**"));

**WHEREAS** Nikolay Ivanov (the "**Plaintiff**") filed the only proof of claim in the Main Case (POC No. 1);

**WHEREAS** the Plaintiff is not the Chapter 7 Trustee (*See* Main Case);

**WHEREAS** on January 5, 2026, the Plaintiff commenced the Adversary Proceeding by filing *Complaint for Non-Dischargeability Under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6)* (the "**Complaint**") against the Defendants, (Adversary Proceeding, ECF No. 1);

---

[1] The Court notes that there are several places in the Complaint wherein the singular, plural, him, and her are used in a confusing manner.

---

**WHEREAS** the Complaint contains three counts (Adversary Proceeding, ECF No. 1);

**WHEREAS** the Complaint seeks to avoid allegedly fraudulent transfers made by the Defendants pursuant to 11 U.S.C. § 548(a)(1)(B) (Count I) (Adversary Proceeding, ECF No. 1 at 5)

**WHEREAS** the Complaint seeks to avoid allegedly fraudulent transfers pursuant to 11 U.S.C. § 544(b) and N.J. Stat. § 25.2-25(b) (Count II) (Adversary Proceeding, ECF No. 1 at 5);

**WHEREAS** the Complaint further asserts the Plaintiff is entitled to recover the allegedly transferred property from the "Defendant," plus interest, pursuant to 11 U.S.C. § 550 and N.J. Stat. § 25.2-25(b) (Count III) (Adversary Proceeding, ECF No. 1 at 6);

**WHEREAS** in a wherefore clause, the Complaint also seeks the Court to: (I) determine that Ms. Atanasova specifically owes the Plaintiff $40,000; (II) that the $40,000 is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); and (III) order the Defendants to pay the Plaintiff's legal fees (Adversary Proceeding, ECF No. 1 at 7);

**WHEREAS** the Complaint attaches an *Operating Agreement of DA Travel*

---

*USA LLC* as Exhibit "A" (Adversary Proceeding, ECF No. 1-1);

**WHEREAS** no count in the Complaint asserts a cause of action for nondischargeability and instead only asserts actions under Sections 544, 548 , and 550 (*See* Adversary Proceeding, ECF No. 1);

**WHEREAS** on February 4, 2026, the Defendants filed *Answer, Affirmative Defenses, and Counterclaims* (the "**Answer**") (Adversary Proceeding, ECF No. 5);

**WHEREAS** the Defendants assert a counterclaim for Attorneys' Fees (Count I) and Other Relief (Count II) (Adversary Proceeding ECF No. 5 at 4);

**WHEREAS** the Defendants admit the Court has jurisdiction over the matter (Adversary Proceeding, ECF No. 5 at 1);

**WHEREAS** on March 9, 2026, the Defendants filed the Motion to Dismiss (Adversary Proceeding, ECF No. 7);

**WHEREAS** the Motion to Dismiss seeks to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings by Rules 7009 and 7012 of the Federal Rules of Bankruptcy Procedure (*see* Adversary Proceeding, ECF No. 7);

**WHEREAS** the Motion to Dismiss argues, in part, that the Court should dismiss the Complaint because only a trustee may bring an action under Sections

544 and 548 of the Bankruptcy Code (Adversary Proceeding, ECF No. 7 at 2 and 4);

**WHEREAS** the Motion to Dismiss further argues dismissal is warranted because the Complaint fails to plead that the Defendants intended to defraud the Plaintiff as required by Section 523(a)(2)(A) of the Bankruptcy Code (Adversary Proceeding, ECF No. 7 at 3);

**WHEREAS** the Motion to Dismiss further argues the Court should dismiss the Complaint because the Complaint fails to meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standard for fraud claims (Adversary Proceeding, ECF No. 7 at 4);

**WHEREAS** the Court scheduled a hearing for the Motion to Dismiss on April 15, 2026;

**WHEREAS** prior to the April 15th hearing, Plaintiff's counsel filed an *Adjournment Request*, which asked the Court to adjourn the April 15th hearing to May 20, 2026, because Plaintiff's Counsel was experiencing health issues (Adversary Proceeding, ECF No. 9);

**WHEREAS** the Court granted Plaintiff's request and adjourned the hearing to June 3, 2026 (Adversary Proceeding, ECF No. 10);

**WHEREAS** following the first adjournment, Plaintiff's counsel filed

multiple other adjournment requests seeking the Court to adjourn the Motion to Dismiss hearing (Adversary Proceeding, ECF Nos. 11, 13, 14);

**WHEREAS** on May 29, 2026, the Court entered the following text order on the Adversary Proceeding docket:

> The request to adjourn the hearing currently scheduled for May 29, 2026, to June 20, 2026, is denied. That date is a Saturday. The Court does not hear motions on the weekend. However, the Court will adjourn the matter to July 1, 2026, at 10:00 AM. The Plaintiff's responsive pleadings are now due no later than June 17, 2026. The Court notes that plaintiffs pleadings were due by the same date on which counsel filed the adjournment request. In light of the new deadline, the plaintiff should have no problem with timely filing any responsive pleadings. A failure by plaintiff to timely file his pleadings, without further leave of the Court, may result in adverse consequences. Any sur reply is due no later than June 24, 2026. **No further pleadings from either party may be filed after the deadlines without written leave for an extension filed on the docket with the reasons supporting such request, and such extension granted by the Court. So Ordered.**
>
> a ssert

(Adversary Proceeding, (emphasis added));

**WHEREAS** the Court set a new responsive pleading deadline of June 17, 2026 (Adversary Proceeding, ECF No. 15);

**WHEREAS** the Court ultimately adjourned the Motion to Dismiss hearing to July 1, 2026 (Adversary Proceeding, ECF No. 15);

**WHEREAS** on June 29, 2026, twelve days after the Plaintiff's response

deadline, the Plaintiff filed *Plaintiff's Reply and Answer to Defendants' Motion to Dismiss the Adversary Complaint* (the "**Response**") (Adversary Proceeding, ECF No. 17);

**WHEREAS** on July 9, 2026, twenty-two days after the Plaintiff's response deadline, Plaintiff's counsel emailed the Court a letter requesting the Court consider the Response;

**WHEREAS** Plaintiff's counsel's email explained that he emailed the Court the letter in lieu of filing it on the docket because he was having trouble with CM/ECF;

**WHEREAS** Plaintiff's counsel sent the email and letter after the Court's June 17, 2026 responsive pleading deadline;

**WHEREAS** the Plaintiff never filed the emailed letter on the docket, despite knowing the Court does not accept emails in lieu of filing;

**WHEREAS** Plaintiff's counsel's email fails to comply with the timelines in the docket text entered on May 29, 2026 (*See* Adversary Proceeding);

**WHEREAS** the Court does not consider documents that are not properly filed on the Court's docket;

**WHEREAS** the Court adjourned the hearing to July 1, 2026, eleven days

beyond Plaintiff's counsel's requested adjournment date of June 20, 2026;

**WHEREAS** when the Court adjourned the hearing, the Court expressly noted that, in light of the adjournment, the Plaintiff should have no trouble meeting the responsive pleading deadline (Adversary Proceeding);

**WHEREAS** nonetheless, the Plaintiff missed the June 17, 2026 deadline by twelve days without providing any reason why or seeking leave of the Court;

**WHEREAS** in its discretion, and in light of the multiple adjournments granted at the request of Plaintiff's counsel and the length of time the Court provided the Plaintiff to file a response, this Court declines to consider the untimely Response;

**WHEREAS** any prejudice the Plaintiff suffers from the Court's decision to refuse to consider the Response results from the Plaintiff's own conduct;

**WHEREAS** the Court now considers the Complaint and the Motion to Dismiss without considering the Response;

**WHEREAS** Count I of the Complaint seeks to avoid allegedly fraudulent transfers made by the Defendants pursuant to Section 548(a)(1)(B) of the Bankruptcy Code (Adversary Proceeding ECF No. 1 at 5);

**WHEREAS** Count II of the Complaint seeks to avoid allegedly fraudulent transfers made by the Defendants pursuant to Section 544(b) of the Bankruptcy Code

and N.J. Stat. § 25.2-25(b) (Adversary Proceeding, ECF No. 1 at 5);

**WHEREAS** Section 544(b) of the Bankruptcy Code provides, in pertinent part, that:

> …*the trustee may* avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title

Section 544(b)(1) (emphasis added);

**WHEREAS** Section 548(a)(1) provides, in pertinent part, that:

> *The trustee may* avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition [in certain circumstances]

Section 548(a)(1) (emphasis added);

**WHEREAS** only a trustee has standing to invoke the avoidance powers of Sections 544(b) and 548(a) (*See Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 9-14 (2000); *see also Official Comm. Of Unsecured Creditors of Cybergenics Corp. ex re. Cybergenics Corp. v. Chinery*, 330 F.3d 548

(3d Cir. 2003);

**WHEREAS** the Plaintiff is not the trustee;

**WHEREAS** the Plaintiff is a Chapter 7 debtor;

**WHEREAS** the Complaint does not allege that the Plaintiff seeks derivative standing to act on behalf of the bankruptcy estate (*See* Adversary Proceeding, ECF No. 1);

**WHEREAS** the Plaintiff lacks standing to pursue an action under Section 544(b) or 548(a)(1)(B) of the Bankruptcy Code;

**WHEREAS** the Court must dismiss Counts I and II of the Complaint;

**WHEREAS** the Court necessarily must also dismiss Count III, which seeks recovery of the alleged fraudulent transfers;

**WHEREAS** to the extent that the Plaintiff intended to bring a claim under Section 523(a)(2)(A) or (a)(6) of the Bankruptcy Code, he failed to do so;

**WHEREAS** burying a cause of action in a wherefore clause is inappropriate and fails to properly bring an action before the Court;

**WHEREAS** even if the Complaint properly brought an action under Section 523(a)(2)(A) or (a)(6) of the Bankruptcy Code, those actions would still fail;

**WHEREAS** Federal Rule of Bankruptcy Rule 4007(c) provides that "a

complaint to determine whether a debt is nondischargeable under §523(c) must be filed within 60 days after the first date set for the §341(a) meeting of creditors" (FED. R. BANKR. P. 4007(c));

**WHEREAS** in turn, Section 523(c)(1) of the Bankruptcy Code provides that "…the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of [Section 523]" unless the Court determines that debt is nondischargeable under paragraph (2), (4), or (6) of Section 523(a) (11 U.S.C. § 523(c)(1));

**WHEREAS** a creditor must therefore file a complaint under Section 523(a)(2)(A) or (a)(6) within sixty days of the first scheduled date for the Section 341(a) meeting of creditors;

**WHEREAS** a Court may only extend a creditor's time to file a complaint pursuant to Section 523(c) if the creditor files a motion seeking an extension prior to the filing deadline and the court finds cause for extension (*In re Delloso*, 72 F.4th 532, 540 (3d Cir. 2023));

**WHEREAS** a Court may not otherwise extend the time for a creditor to file an action under Section 523 of the Bankruptcy Code (*Id.* ("the court may enlarge the time for taking action under § 4007(c) only to the extent and under the conditions

stated in the rule”));

**WHEREAS** the 341(a) meeting of creditors in this case was scheduled for October 27, 2025 (Main Case, ECF No. 4);

**WHEREAS** sixty days from October 27, 2025, is December 26, 2025;

**WHEREAS** the Plaintiff filed the Complaint on January 5, 2026, ten days after the deadline;

**WHEREAS** the Plaintiff never sought, nor did the Court grant an extension of time to file an action pursuant to Section 523(a)(2) or (a)(6) of the Bankruptcy Code (*See* Main Case);

**WHEREAS** the Complaint is untimely to the extent that it attempts to include an action under Section 523(a)(2)(A) or (a)(6) of the Bankruptcy Code;

**WHEREAS** the Complaint therefore fails to provide the Court with any basis to afford the Plaintiff relief;

**WHEREAS** any amendment to the Complaint would be futile; and for good cause shown;

It is hereby:

**ORDERED** that the Motion to Dismiss is **GRANTED**; and it is further

**ORDERED** that the Complaint is **DISMISSED WITH PREJUDICE.**